IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

COLUMBUS REAL PROPERTY, LLC                          PLAINTIFF

v.                          CIVIL ACTION NO. 1:24-cv-00094-GHD-DAS

STATE FARM GENERAL INSURANCE CO.;
STATE FARM FIRE AND CASUALTY COMPANY; et al.       DEFENDANTS

### ORDER GRANTING UNOPPOSED MOTION TO DISMISS

Presently before the Court in this business insurance dispute is the Defendants' motion to dismiss this matter pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [5]. The Plaintiff has not opposed the motion. Upon due consideration, the Court finds that the motion should be granted and the Plaintiff's claims dismissed without prejudice.

The Plaintiff filed its complaint in this matter on April 18, 2024. The Defendants have moved to dismiss this matter because the Plaintiff lacked the capacity to bring this suit at the time of filing because the Plaintiff, an LLC, had been administratively dissolved on January 5, 2024, was still administratively dissolved as of April 18, 2024, and therefore did not have the capacity to bring this action at the time.

A limited liability company ("LLC")'s capacity to bring suit is determined by state law. *Fill It Up, LLC v. MS LZ Delta, LLC*, 342 F. Supp. 3d 707, 719 (N.D. Miss. 2018). Under Mississippi law, "a limited liability company that has been administratively dissolved may not maintain any action, suit or proceeding in any court . . . until such limited liability company is reinstated." Miss. Code Ann. § 79-29-831(4). Publicly available records from the Mississippi Secretary of State's Office show that the Plaintiff was administratively dissolved on January 5, 2024 [5-1], and remained dissolved until June 28, 2024, when it was reinstated to Good Standing.[1]

---

[1]      See https://corp.sos.ms.gov (last accessed October 7, 2024).

Given that the Plaintiff was administratively dissolved as an LLC in Mississippi at the time it filed this action, and Mississippi law prevented it at the time from having the capacity to maintain this action, the Court finds that the Defendant's motion to dismiss is well-taken despite the fact that the Plaintiff has since been reinstated and returned to good standing. See *Fill It Up, LLC*, 342 F. Supp. 3d at 719-21 (holding that suit filed while LLC was dissolved should be dismissed despite LLC's subsequent return to good standing). The Court notes that this dismissal will be without prejudice.

Accordingly, the Court hereby ORDERS that the Defendants' unopposed motion to dismiss [5] is GRANTED, and the Plaintiff's claims are hereby DISMISSED WITHOUT PREJUDICE. This case is CLOSED.

SO ORDERED, this, the 8th day of October, 2024.

_____
SENIOR U.S. DISTRICT JUDGE